IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHELLE RENEE WHITMAN, | § | |
| Petitioner, | § § § | |
| v. | § | 2:19-CV-172-Z |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITIONER'S MOTION TO VACATE**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner MICHELLE RENEE WHITMAN. For the reasons set forth below, petitioner's motion should be DISMISSED.

BACKGROUND

On August 17, 2018, petitioner filed a pleading in her underlying criminal case, *United States v. Whitman*, No. 2:17-CR-27, entitled "Motion to Extend Time in Which to File Motion to Vacate Judgment."  [ECF 59].  The Court subsequently construed petitioner's pleading as "an attempt to file a timely 28 U.S.C. § 2255 motion to vacate before the one-year deadline expired," and directed the United States District Clerk to docket petitioner's motion as a new civil action number and to provide petitioner with a form motion to vacate utilized by courts in the Northern District of Texas.  On August 21, 2019, the Court ordered petitioner to complete and file with the Court an amended motion to vacate set forth on the form provided by the clerk of court, providing detailed instructions for completion of the form.  The Court gave petitioner until September 20,

2019 to comply with the Court's Order.

As of this date, petitioner has not submitted to the Court the amended form provided to her and is in direct disregard of this Court's August 21, 2019 Order. Nor has petitioner filed any other response to the Court's Order. In fact, petitioner has not communicated with the Court, in any manner, with regard to this case since the initial filing of her pleading on August 17, 2018. It is the opinion of the undersigned that petitioner has neglected her case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner MICHELLE RENEE WHITMAN be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 27, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).